UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA CRISTINA SCOTT and
JESSE SCOTT,

Case No.

        Plaintiffs,

vs.

LIME BAY CONDOMINIUM, INC. NO. 4,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiffs MARIA CRISTINA SCOTT and JESSE SCOTT ("Plaintiffs" and/or "the Scotts"), by and through their undersigned counsel, and sue Defendant, LIME BAY CONDOMINIUM, INC. NO. 4, and state as follows:

### NATURE OF THE ACTION

1. This is a civil action brought pursuant to the Fair Housing Act (hereafter "FHA"), 42 U.S.C. §§ 3601, *et seq.,* for damages and injuries stemming from Defendant LIME BAY CONDOMINIUM INC., NO. 4's unlawful discrimination against Plaintiff MARIA CRISTINA SCOTT, a person with disabilities, and her husband, Plaintiff JESSE SCOTT, a person associated with a person with disabilities. The Defendant violated the FHA by: (1) publishing a statement indicating that disabled individuals are not welcome within the community,(2) by refusing to make a reasonable accommodation to its rules and polices when such an accommodation was necessary to afford the Plaintiffs an equal opportunity to use and enjoy their dwelling, and (3) by making a dwelling unavailable to and otherwise discriminating against Plaintiff MARIA CRISTINA SCOTT and her husband Plaintiff JESSE SCOTT by making a dwelling unavailable because of Plaintiff MARIA CRISTINA SCOTT's disability.

2. Additionally, this Complaint includes claims for tortious interference with a business relationship.

## JURISDICTION & VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq*.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of Florida, Fort Lauderdale Division, under 28 U.S.C. §1391(b) because the events giving rise to the Plaintiffs' claims arose in this District.

## PARTIES

6. Plaintiff MARIA CRISTINA SCOTT, a Broward County resident, suffers from and has a history of suffering from severe depression and anxiety.

7. Plaintiff JESSE SCOTT, a Broward County resident, is married to Plaintiff MARIA CRISTINA SCOTT.

8. Defendant LIME BAY CONDOMINIUM INC., NO. 4 (hereafter "LIME BAY" and/or "Defendant" and/or "the Association") is a Florida non-profit corporation, organized and operating pursuant to Chapter 718, Florida Statutes.

9. Defendant's principal place of business is 9190 Lime Bay Boulevard, Tamarac, Florida 33321.

10. LIME BAY is responsible for administering and governing its condominium association pursuant to its Articles of Incorporation, By-Laws, and its Rules and Regulations.

11. LIME BAY also sets, approves, and enforces the policies, rules, regulations, and practices for its association.

## GENERAL ALLEGATIONS

12. The housing units at LIME BAY are "dwellings" within the meaning of 42 U.S.C. § 3602(b) of the FHA.

13. LIME BAY is subject to the anti-discrimination provisions of the FHA.

14. Plaintiff MARIA CRISTINA SCOTT suffers from and has a history of from suffering from mental impairments that substantially limit one or more of her major life activities, including working, sleeping, and self-care. Accordingly, she is a person with a "handicap" pursuant to 42 U.S.C. § 3602(h).

15. Plaintiff JESSE SCOTT is married to Plaintiff MARIA CRISTINA SCOTT and is therefore associated with a person with a handicap pursuant to 42. U.S.C. § 3604 (f)(1)(c).

16. In order to have equal use and enjoyment of her home, it is imperative that Plaintiff MARIA CRISTINA SCOTT have the ability to live with her emotional support animals (hereafter "ESAs"), "Emma" and "Lucy," two small dogs that help ameliorate the symptoms of her disabilities.

17. On August 23, 2019, Plaintiff JESSE SCOTT signed a contract to purchase 9400 Lime Bay Blvd #114, Tamarac, FL 33321-3456, a unit within LIME BAY CONDOMINIUM INC., NO. 4. (hereafter "the unit") thereby entering a business relationship with the Seller.

18. Closing on the unit was scheduled to occur on October 23, 2019.

19. Both Plaintiff JESSE SCOTT and Plaintiff MARIA CRISTINA SCOTT intended to reside in the unit.

20. LIME BAY had knowledge of the contract entered between Plaintiff JESSE SCOTT and the Seller regarding the unit, had knowledge of the business relationship between Plaintiff JESSE SCOTT and the Seller, and had knowledge of the October 23, 2019, closing date.

21. LIME BAY allows its residents to have one (1) pet dog per unit.

22. LIME BAY has in place a burdensome, intrusive policy regarding accommodation requests for waiver of the pet restriction policy by residents and potential residents that have disability-related needs to reside with emotional support animals. That policy also imposes illegal,

discriminatory conditions upon persons who have been granted an accommodation for an emotional support animal.

23. LIME BAY's policy violates the Fair Housing Act in at least the following ways:

   a. requiring a resident or potential requesting an accommodation to fill out a specific application form;

   b. requiring a resident or potential requesting an accommodation to provide "a copy of the animal's training certificates and/or certifications (if applicable);"

   c. requiring a resident or potential requesting an accommodation to execute an "Authorization for Release of Information" authorizing his or her "healthcare provider" to speak with a representative from LIME BAY;

   d. requiring a resident or potential requesting an accommodation to provide a signed "Statement of Qualifying Healthcare Professional" stating that it is the health professional's "medical opinion" that an assistance animal is "medically necessary" and that his or her statement is "made to induce Lime Bay Condominium, Inc. No. 4 to make substantial and material alterations to the Association's use restrictions;"

   e. purporting that the Association "reserves the right, Pursuant to Florida law" to unilaterally withdraw approval of a service animal or emotional support animal for a myriad of minor infractions including not maintaining an ID tag on the animal or walking the animal in a "prohibited area;"

   f. requiring a resident or potential resident requesting an accommodation to sign a statement agreeing to indemnify the Board of Directors, Association, Owners and Occupants of the Unit against any loss, claim, or liability of any kind or character

whatsoever arising from owning or maintaining a service animal/emotional support animal in the Unit, Limited Common Elements, or Common Elements;

g. Advising a resident or potential resident that LIME BAY "has very strict, detailed rules in its Governing Documents regarding animals and pets in the community and Board Approval is required";

h. Advising a resident or potential resident that "Many people choose to move into this community because they have allergies or other health issues related to animals";

i. Repeatedly advising residents or potential residents relying upon assistance animals that they must provide medical information annually "to the extent a disability/handicap is not permanent";

j. Advising a resident or potential resident "that owners are not permitted to have more than one support animal, unless the distinction of separate needs for each animal has been established. A separate form is required for each animal."

24. The discriminatory policies listed above are given to potential residents and were given to Plaintiffs as part of their application packet to become approved to be residents of LIME BAY. The policies constitute "a notice or statement with respect to sale or rental of a dwelling," and indicate a clear preference and message that persons with disabilities that rely upon assistance animals do not move to LIME BAY. The policy is attached hereto and incorporated by reference as "Exhibit A" (hereafter "Policy").

25. On September 22, 2019, Plaintiff MARIA CRISTINA SCOTT applied to LIME BAY using LIME BAY's designated form, requesting permission to reside with her two emotional support animals. The application is attached hereto and incorporated by reference as Exhibit B.

26. With her application for an accommodation for her emotional support animals MARIA CRISTINA SCOTT provided a letter from her mental health care provider, Dr. Jeffrey Friedman, attesting that MARIA CRISTINA SCOTT needs both of her dogs, Lucy and Emma, for emotional support to help alleviate the symptoms of her depression and anxiety. Dr. Friedman's letter is attached and incorporated by reference as "Exhibit C."

27. Dr. Friedman's letter expressly stated that it was his "professional opinion that Mrs. Scott needs to have both of her dogs in here residence for emotional support to help ameliorate the symptoms of her depression." *Id.*

28. LIME BAY failed to respond in any way to Plaintiff MARIA CRISTINA SCOTT'S request for reasonable accommodation of her need for her two emotional support animals and inhibited, obstructed, thwarted, and/or otherwise prevented the October 23, 2019, closing.

29. LIME BAY intentionally and unjustifiably interfered with the business relationship between Plaintiff JESSE SCOTT and the Seller.

30. Because of LIME BAY's failure to grant or even respond to Plaintiff MARIA CRISTINA SCOTT's request for a reasonable accommodation, Plaintiffs executed an addendum to the sales contract continuing the closing date for the unit from October 23, 2019, to on or before November 27, 2019.

31. LIME BAY had knowledge of the addendum and the November 27, 2019, closing deadline.

32. On October 29, 2019, more than one month after the request for accommodation was submitted, Plaintiff MARIA CRISTINA SCOTT received a letter from LIME BAY's counsel stating that the Association "requires information on what disability and symptoms you have and why two ESA dogs are required for you. The information provided must sufficiently establish the nexus between the disability and how the ESA enables you to perform these major

life activities." The 10/29/2019 LIME BAY letter is attached hereto and incorporated by reference as "Exhibit D."

33. In addition to demanding proof and description of the nexus and the disability, the October 29, 2019, letter also demanded that such information be received within twenty (20) days else "your request for the dogs to have Emotional Status (sic) will be deemed abandoned." *Id.*

34. The October 29, 2019 letter from LIME BAY's counsel also gratuitously warned:

> *Further, please note that the Association has a policy of re-evaluating a continuing need for an ESA on a regular basis. Even if the ESA is approved immediately after the additional information has been received, if the applicant does not continue to meet the appropriate criteria in the future, the animal will not continue to be considered an Emotional Support Animal.*

35. Documentation of a disability-related need for assistance animal(s) is sufficient if it establishes that the resident or potential resident has a disability and that the animal(s) in question provide(s) some type of disability-related support.

36. By demanding to know Plaintiff MARIA CRISTINA SCOTT's specific disability and symptoms, LIME BAY violated the Fair Housing Act.

37. By demanding to know information that was not required to be provided and which it was not legally entitled, LIME BAY unjustifiably and intentionally interfered with Plaintiff JESSE SCOTT and the Seller's business relationship.

38. By failing to respond to or even acknowledge Plaintiff MARIA CRISTINA SCOTT's request for reasonable accommodation of her disability-related need to reside with her two ESAs by or before the October 23, 2019, closing, LIME BAY unjustifiably and intentionally interfered with Plaintiff JESSE SCOTT and the Seller's business relationship.

39. In or around November of 2019, Plaintiffs retained counsel to assist them with, *inter alia*, the protection of their Fair Housing Rights.

40. On November 7, 2019, Plaintiffs' counsel sent a letter to LIME BAY's counsel, along with two guidance documents and a copy of a recent case from the Eleventh Circuit Court of Appeals, *Schaw v. Habitat for Human. of Citrus Cty., Inc.*, 938 F.3d 1259 (11th Cir. 2019), in an effort to educate LIME BAY regarding the scope of legally permissible inquiry a housing provider may make when considering a request for accommodation. Plaintiffs' counsel's November 7, 2019, letter and two guidance documents[1] are attached and incorporated as composite "Exhibit E."

41. LIME BAY had knowledge of the new, remedial November 22, 2019, closing date.

42. On November 14, 2019, LIME BAY's counsel responded renewing its demand for information which was neither required nor which it was legally entitled to:

> *Pursuant to the specifications of the Americans with Disabilities Act, the Fair Housing Act, and Section 504, an Association is entitled to request further information whenever a disability or need for accommodation is not readily apparent, and the need for the animal is not readily apparent, prior to approving an emotional support or service animal for residence in a community, which is a non-public space.*
>
> *...the Association needs more information from the health care provider to sufficiently establish the nexus between your client's disability and how the second ESA enables her to perform these major life activities that are limited but that the first ESA cannot enable her to perform.*

---

[1] *Service Animals and Assistance Animals for People with Disabilities in Housing and HUD-Funded Programs*, FHEO Notice: FHEO-2013-01 (April 25, 2013) and *Joint Statement of the Dep't of Housing and Urban Dev. and the Dep't of Justice, Reasonable Accommodations Under the Fair Housing Act* (May 17, 2004).

8

LIME BAY's counsel's November 14, 2019, letter is attached and incorporated by reference as "Exhibit F."

43. LIME BAY's counsel again threatened that if the requested information was not received, along with the "completed Statement of Health Care Provider" (enclosed with the November 14th letter), within (10) ten days Plaintiff MARIA CRISTINA SCOTT's "request for the two dogs to have Emotional Support Status [would] be deemed abandoned." *Id.*

44. The referenced "Statement of Health Care Provider" was actually a form attached entitled "Statement of Qualifying Health Professional" which required the signatory to attest that it is his or her "medical opinion" that "the animal is medically necessary" and that his or her statement "is made to induce Lime Bay Condominium Association Inc. No. 4 to make substantial and material alterations to the Associations use restrictions based upon a medical, mental and/or physiological disability/handicap substantially limiting one or more of Patient's major life activities…" Statement of Qualifying Health Professional as demanded by LIME BAY is attached and incorporated as "Exhibit G."

45. A housing provider waive pet restriction for a person with a disability if residing with an assistance animal(s) helps ameliorate the symptoms of the disability; the FHA does not require that reasonable accommodations be "medically necessary."

46. In an effort to appease LIME BAY and facilitate Plaintiffs closing and thus purchase of their new home, Plaintiffs' counsel facilitated Dr. Jeffry Friedman's provision of second letter, addressing LIME BAY's November 14, 2019, demand for additional information. In it, Dr. Friedman attested that Plaintiff MARIA CRISTINA SCOTT suffers from and has a history of suffering from depression and insomnia, that her depression substantially limits her major life activities, and provided his "professional opinion that Mrs. Scott needs to have both of her

dogs in her residence for emotional support to help ameliorate the symptoms of her depression. Being forced to separate from either of the dogs would severely exacerbate her symptoms and lead to decompensation and a decrease in her functioning and ability to enjoy her home." Dr. Friedman's November 17, 2019, letter is attached and incorporated by reference as "Exhibit H."

47. Dr. Friedman's letter did not convince LIME BAY that Plaintiff MARIA CRISTINA SCOTT was not faking her disability-related need for her emotional support animals.

48. On November 21, 2019, the day before the remedial closing was to occur, LIME BAY responded through counsel, reiterating its demand to know "**how the second ESA** enables her to perform these major life **activities that are limited but that the first ESA cannot enable her to perform**." (emphasis in the original). LIME BAY's November 21, 2019 letter is attached and incorporated by reference as "Exhibit I."

49. The November 21, 2019, letter also demanded that the requested information be provided within ten days else the Plaintiff's "request for the two dogs to have Emotional Support Status will be deemed abandoned." *Id.*

50. LIME BAY'S actions once again precluded, obstructed, inhibited, thwarted, and/or otherwise prevented the Plaintiffs from purchasing the unit as the closing re-scheduled for November 22, 2019, could not take place.

51. LIME BAY's actions again intentionally and unjustifiably interfered with the business relationship between Plaintiff JESSE SCOTT and the Seller.

52. As of the date of this filing LIME BAY has not granted Plaintiff MARIA CRISTINA SCOTT an accommodation for her emotional support animals.

53. LIME BAY has been provided adequate and credible documentation of MARIA CRISTINA SCOTT's disabilities and an explanation of the nexus between the requested accommodation and her disabilities.

54. LIME BAY has been provided reliable documentation establishing Plaintiff MARIA CRISTINA SCOTT'S disability and that the animals in question will provide some type of disability-related assistance or emotional support.

55. LIME BAY has continued to demand extraneous information regarding Plaintiff MARIA CRISTINA SCOTT's disability and need for her emotional support animals.

56. LIME BAY's failure to modify its policies to accommodate Plaintiff MARIA CRISTINA SCOTT's disability is discriminatory and unlawful.

57. The multiple statements of LIME BAY indicating that receiving any requests for an accommodation for assistance animals will be onerous; that any accommodation granted will be withdrawn at any time for trivial offences; that a disabled resident must annually prove up his or her disability; and that other residents chose LIME BAY because of allergies or other health issues related to animals unequivocally indicate a preference that persons with assistance animals live elsewhere.

58. Plaintiffs have been injured by LIME BAY's discriminatory housing practices and are therefore "aggrieved persons" pursuant to 42 U.S.C. § 3602(i).

59. At all times material hereto, LIME BAY was aware that Plaintiff MARIA CRISTINA SCOTT is a disabled individual who relies upon her emotional support animals to alleviate the symptoms of her disabilities.

60. Each and all the above acts, both of omission and commission, were acts of discrimination done with deliberate indifference to Plaintiff MARIA CRISTINA SCOTT's disabilities and each and all were a proximate cause of the damages suffered by Plaintiffs.

61. Plaintiffs have retained the undersigned to represent them in this cause and have agreed to pay a reasonable fee for their services.

62. As a direct and proximate result of LIME BAY's conduct, Plaintiff MARIA CRISTINA SCOTT incurred damages, attorney's fees and costs and has suffered and continues to suffer irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

63. As a direct and proximate result of LIME BAY's conduct, Plaintiff JESSE SCOTT has incurred damages, attorney's fees and costs and continues to suffer irreparable loss and injury including mental anguish, loss of dignity, emotional distress, humiliation, and loss of his right to equal housing opportunities regardless of being associated with someone with a disability.

64. As a direct result of LIME BAY's interference with Plaintiff JESSE SCOTT's and the Seller's business relationship, Plaintiff JESSE SCOTT and/or Plaintiff MARIA CRISTINA SCOTT suffered and continue to suffer economic damages including but not limited to loss of a business opportunity, damages to one or more business relationships.

65. All conditions precedent to the Plaintiffs bringing this action have occurred, or the performance of such conditions have been waived by the Defendant LIME BAY.

## COUNT I
## PUBLISHING A DISCRIMINATORY STATEMENT
### 42 U.S.C. § 3604(c)

66. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 65 as if fully set forth herein.

67. Pursuant to 42 U.S.C. § 3604(c), it is unlawful for a housing provider "[t]o make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination."

68. LIME BAY's "Reasonable Accommodation Policy" is a statement that indicates an intention to discriminate against residents with disabilities that rely upon assistance animals and evinces a preference that residents with disabilities do not reside at LIME BAY.

69. Plaintiffs were provided a copy of the discriminatory policy and the other discriminatory statements in connection with their purchase of a unit at LIME BAY.

70. Plaintiffs have been injured by LIME BAY's discriminatory statements and policies.

71. Plaintiffs were made to feel they are not welcome at LIME BAY because of Plaintiff MARIA CRISTINA SCOTT'S need for her emotional support animals.

72. LIME BAY's policy on reasonable accommodations for emotional support animals communicates to a resident or potential resident that if s/he has an emotional support animal it will be difficult to get approved, that s/he must annually provide detailed information regarding his or her disability and need for an accommodation, and that his or her right to have an emotional support animal can be withdrawn at any time and without notice for trivial reasons.

73. LIME BAY communicates to residents and potential residents that other residents chose LIME BAY because of allergies or other health issues related to animals, insinuating that assistance animals and the disabled persons that need assistance are not welcome at LIME BAY.

74. The implementation of this policy, and its publication to residents and potential residents including Plaintiffs, constitutes knowing, willful, and wanton discrimination and evinces reckless or callous indifference to the federally protected rights of others.

75. As a direct and proximate result of LIME BAY's discriminatory notice and policy, Plaintiffs suffered irreparable loss and injury including, but not limited to, monetary damages, mental anguish, loss of dignity, emotional distress, humiliation, and loss of their rights to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiffs MARIA CRISTINA SCOTT and JESSE SCOTT demand judgment against Defendant LIME BAY CONDOMINIUM, INC. NO. 4 declaring that the its actions violated the Fair Housing Act by discriminating against a person with disabilities, and awarding the Plaintiffs compensatory and punitive damages, attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

## COUNT II
## FAILURE TO GRANT A REASONABLE ACCOMMODATION

76. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 65 as if fully set forth herein.

77. Plaintiff MARIA CRISTINA SCOTT suffers from and has a history of suffering from severe anxiety and depression that substantially limit one or more of her major life activities.

78. Plaintiff MARIA CRISTINA SCOTT's emotional support animals help ameliorate the symptoms of her depression and anxiety.

79. Plaintiff MARIA CRISTINA SCOTT has a disability related need to live with her emotional support animals in order to have equal use and enjoyment of the unit her husband contracted to buy in LIME BAY.

80. Plaintiff MARIA CRISTINA SCOTT requested that LIME BAY waive its pet restrictions allowing only one dog so that she may reside with her emotional support animals.

81. LIME BAY was provided reliable verification of PLAINTIFF MARIA CRISTINA SCOTT's disability-related need to live with her emotional support animals.

82. LIME BAY was provided credible documentation establishing Plaintiff MARIA CRISTINA SCOTT's disability and that the animals in question would provide some type of disability-related emotional support.

83. LIME BAY had actual knowledge of Plaintiff MARIA CRISTINA SCOTT's disability-related need to live with her dogs for disability-related emotional support.

84. LIME BAY demanded extraneous information regarding Plaintiff MARIA CRISTINA SCOTT's disability and need for an accommodation.

85. As of the date of this filing, LIME BAY has failed to grant Plaintiff MARIA CRISTINA SCOTT's request for a waiver of LIME BAY's rule limiting residents to one dog only.

86. The FHA does not restrict a person with a disability to only one emotional support animal.

87. The FHA does not restrict a person with a disability to only one emotional support animal unless a second emotional support animal "enables her to perform these major life activities that are limited but that the first ESA cannot enable her to perform."

88. LIME BAY insisted that Plaintiff MARIA CRISTINA SCOTT could not have two emotional support animals unless each animal did something the other did not.

89. By insisting that Plaintiff MARIA CRISTINA SCOTT can only reside with her two emotional support animals if one "enables her to perform these major life activities that are limited but that the first ESA cannot enable her to perform" and repeatedly demanding extraneous

information regarding same, LIME BAY constructively denied Plaintiff MARIA CRISTINA SCOTT's request for accommodation.

90. LIME BAY has failed to accommodate a reasonable request for a disability.

91. LIME BAY made no effort to engage in a good faith dialogue with Plaintiff MARIA CRISTINA SCOTT regarding her need for an accommodation.

92. Instead LIME BAY repeatedly demanded extraneous information to which it was not entitled under self-serving, arbitrary deadlines and compliance threats that Plaintiff MARIA CRISTINA SCOTT's request for accommodation would be "deemed abandoned."

93. Accommodating Plaintiff's MARIA CRISTINA SCOTT's need to reside with her two small dogs for emotional support would not: 1) result in substantial physical damage to the property of others or that of LIME BAY; 2) pose an undue financial and administrative burden to LIME BAY; or 3) fundamentally alter the nature of LIME BAY's operations.

94. LIME BAY's failure to waive its policy of allowing only one dog to accommodate for Plaintiff MARIA CRISTINA SCOTT's disability is discriminatory and unlawful.

95. LIME BAY's failure to otherwise accommodate Plaintiff MARIA CRISTINA SCOTT's disability is discriminatory and unlawful.

96. LIME BAY's actions and conduct constitute a conscious and reckless disregard for Plaintiffs' rights and show total indifference to Plaintiff MARIA CRISTINA SCOTT's disability.

97. LIME BAY violated 42 U.S.C. § 3604(f)(3)(B) by refusing to make reasonable accommodations in its rules, policies, practices, or services when such accommodations are necessary to afford Plaintiffs an equal opportunity to use and enjoy a dwelling.

98. The discriminatory conduct of LIME BAY was intentional, willful, and taken in total disregard for Plaintiffs' rights.

99. As a direct and proximate result of LIME BAY's failure to accommodate, Plaintiffs suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of their right to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiffs MARIA CRISTINA SCOTT and JESSE SCOTT demand judgment against Defendant LIME BAY CONDOMINIUM, INC. NO. 4 declaring that violated the Fair Housing Act by discriminating against a person with disabilities, and awarding the Plaintiffs compensatory and punitive damages, attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

## COUNT III
## MAKING A DWELLING UNAVAILABLE BECAUSE OF HANDICAP

100. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 65 as if fully set forth herein.

101. Plaintiff MARIA CRISTINA SCOTT requires the ability to live with her emotional support animals in order to have the same opportunity to enjoy a unit a LIME BAY as any non-disabled resident.

102. LIME BAY was informed of MARIA CRISTINA SCOTT's disability-related need to live with her two small dogs for emotional support.

103. LIME BAY failed to grant MARIA CRISTINA SCOTT's request for reasonable accommodation of disability-related need to live with her ESAs and instead imposed an illegal policy that she could not have two emotional support animals "unless the distinction of separate needs for each animal has been established."

104. LIME BAY's delay and demand for extraneous information caused Plaintiffs to lose the ability to purchase the unit in LIME BAY for which Plaintiff JESSE SCOTT had contracted to buy.

105. The foregoing acts of Defendant LIME BAY constitute discrimination violation of 42 U.S.C. § 3604(f)(1)(A) by making a dwelling unavailable because of a handicap.

106. As a result of the conduct of Defendant LIME BAY, Plaintiffs have suffered damages.

107. The discriminatory conduct or actions of LIME BAY was/were intentional, willful, and taken in blatant disregard for the rights of Plaintiff MARIA CRISTINA SCOTT and Plaintiff JESSE SCOTT.

**WHEREFORE**, PLAINTIFFS MARIA CRISTINA SCOTT and JESSE SCOTT demand judgment against DEFENDANT LIME BAY CONDOMINIUM, INC. NO. 4 declaring that its actions violated the Fair Housing Act by discriminating against a person with disabilities and awarding Plaintiffs' compensatory and punitive damages, attorneys' fees and costs, as well as any other such relief as this Court deems just and equitable.

## COUNT IV.
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

108. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 64 as if fully set forth herein.

109. LIME BAY's discriminatory actions in the above-described federal claims are so related to the state claim that they are part of the same case or controversy under Article III of the United States Constitution pursuant to 28 U.S.C. § 1367(a).

110. LIME BAY, by its actions and conduct described above, interfered with Plaintiff JESSE SCOTTs business relationship with the Seller of the unit and precluded the consummation of Plaintiff JESSE SCOTTs purchase of the unit and of a dwelling for the Plaintiffs.

111. LIME BAYs interference was intentional and unjust and the direct cause of the unit Sellers withdrawal from the business relationship and/or the direct cause of Plaintiff JESSE SCOTTs inability to perform under his contract with the Seller.

112. Plaintiffs have suffered emotional distress and have been otherwise damaged as a direct result of LIME BAYs interference and incurred and continue to incur out-of-pocket expenses and economic damages, including but not limited to lost profits, loss of business opportunity, loss of business relationships.

**WHEREFORE**, PLAINTIFFS MARIA CRISTINA SCOTT and JESSE SCOTT demand judgment against DEFENDANT LIME BAY CONDOMINIUM, INC. NO. 4 declaring that LIME BAY interfered with a business relationship and awarding Plaintiffs damages for emotional distress as well as compensatory, economic, and punitive damages, attorneys' fees and costs, pre-judgment and post-judgment interest, and any and all other such relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all issues so triable.

| | |
|---|---|
| MARCY I. LAHART PA | VENZA LAW, PLLC |
| 207 SE Tuscawilla Road | 931 Village Boulevard, #905-322 |
| Micanopy, FL 32667 | West Palm Beach, FL 33409 |
| Telephone: (352) 224-5699 | Office: (561) 596-6329 |
| Facsimile: (888) 400-1464 | Email: dvenza@venzalawpllc.com |
| Email: marcy@floridaanimallawyer.com | |
| | |
| BY: *s/ Marcy I. LaHart* | BY: *s/Denese Venza* |
| Marcy I. LaHart, Esq. | Denese Venza, Esq. |
| Florida Bar No. 0967009 | Florida Bar No. 599220 |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |