UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-60285-AHS

MARIA CHRISTINA SCOTT and
JESSE SCOTT,

    Plaintiffs,

v.

LIME BAY CONDOMINIUM, INC. NO. 4,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

The Defendant, Lime Bay Condominium, Inc., No. 4 ("Lime Bay" or "Association") answers the Plaintiffs' Complaint and Demand for Jury Trial as follows:

1. The Defendant admits that the Plaintiffs seek to assert a civil action under the Fair Housing Act (FHA), but otherwise deny paragraph 1 of the Complaint.

2. The Defendant admits that the Plaintiffs seek to assert a claim for tortious interference with a business relationship, but otherwise deny paragraph 2 of the Complaint

3. Paragraph 3 of the Complaint is admitted.

4. The Defendant admits that this Court has discretion to exercise supplemental jurisdiction of the state law claim.

5. The Defendant admits that venue is appropriate in this Court, but otherwise denies paragraph 5 of the Complaint.

6. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 6 of the Complaint, and all such allegations are therefore denied.

7. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 7 of the Complaint, and all such allegations are therefore denied.

8. Paragraph 8 of the Complaint is admitted.

9. Paragraph 9 of the Complaint is admitted.

10. Paragraph 10 of the Complaint is admitted.

11. Paragraph 11 of the Complaint is denied as phrased.

12. Paragraph 12 of the Complaint is admitted.

13. Paragraph 13 of the Complaint is admitted.

14. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 14 of the Complaint, and all such allegations are therefore denied.

15. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 15 of the Complaint, and all such allegations are therefore denied.

16. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 16 of the Complaint, and all such allegations are therefore denied.

17. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 17 of the Complaint, and all such allegations are therefore denied.

18. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 18 of the Complaint, and all such allegations are therefore denied.

19. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 19 of the Complaint, and all such allegations are therefore denied.

20. Paragraph 20 of the Complaint is denied.

21. In response to paragraph 21 of the Complaint, it is admitted that occupants of units are permitted to have one pet dog per unit subject to various rules, regulations, limitations and requirements. Paragraph 21 is otherwise denied as phrased.

22. Paragraph 22 of the Complaint is denied.

23. Paragraph 23 of the Complaint is denied, including all its subparts.

24. Paragraph 24 of the Complaint is denied.

Case 0:20-cv-60285-AHS   Document 18   Entered on FLSD Docket 03/24/2020   Page 3 of 10

CASE NO.: 0:20-cv-60285-AHS

25. In response to Paragraph 25 of the Complaint it is admitted that Maria Cristina Scott filed an application dated September 22, 2019. Paragraph 25 is otherwise denied.

26. Paragraph 26 of the Complaint is denied as phrased.

27. In response to paragraph 27 of the Complaint the Defendant states that the letter in question speaks for itself, including the complete context of the document. To the extent any further response is needed, paragraph 27 is denied as phrased.

28. Paragraph 28 of the Complaint is denied.

29. Paragraph 29 of the Complaint is denied.

30. Paragraph 30 of the Complaint is denied.

31. Paragraph 31 of the Complaint is denied.

32. In response to paragraph 32 of the Complaint the Defendant states that the letter in question speaks for itself, including the complete context of the document. To the extent any further response is needed, paragraph 32 is denied as phrased.

33. In response to paragraph 33 of the Complaint the Defendant states that the letter in question speaks for itself, including the complete context of the document. To the extent any further response is needed, paragraph 33 is denied as phrased.

34. In response to paragraph 34 of the Complaint the Defendant states that the letter in question speaks for itself, including the complete context of the document. To the extent any further response is needed, paragraph 34 is denied as phrased.

35. Paragraph 35 of the Complaint is denied as phrased.

36. Paragraph 36 of the Complaint is denied.

37. Paragraph 37 of the Complaint is denied.

38. Paragraph 38 of the Complaint is denied.

39. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 39 of the Complaint, and all such allegations are therefore denied.

3
**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

40. In response to paragraph 40 of the Complaint, the Defendant admits that Exhibit 1-5 consists of a letter dated November 7, 2019, with some attached materials. Paragraph 40 is otherwise denied.

41. Paragraph 41 of the Complaint is denied.

42. Paragraph 42 of the Complaint is denied as phrased.

43. Paragraph 43 of the Complaint is denied as phrased.

44. Paragraph 44 of the Complaint is denied as phrased.

45. Paragraph 45 of the Complaint is denied as phrased.

46. The Defendant lacks sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 46 of the Complaint, and all such allegations are therefore denied. In response to the remaining portions of paragraph 46 of the Complaint the Defendant states that the letter in question speaks for itself, including the complete context of the document. To the extent any further response is needed, paragraph 46 is denied as phrased.

47. Paragraph 47 of the Complaint is denied as phrased.

48. In response to paragraph 48 of the Complaint the Defendant states that the letter in question speaks for itself, including the complete context of the document. To the extent any further response is needed, paragraph 48 is denied as phrased.

49. In response to paragraph 49 of the Complaint the Defendant states that the letter in question speaks for itself, including the complete context of the document. To the extent any further response is needed, paragraph 49 is denied as phrased.

50. Paragraph 50 of the Complaint is denied.

51. Paragraph 51 of the Complaint is denied.

52. Paragraph 52 of the Complaint is denied as phrased.

53. Paragraph 53 of the Complaint is denied.

54. Paragraph 54 of the Complaint is denied.

55. Paragraph 55 of the Complaint is denied.

56. Paragraph 56 of the Complaint is denied.

57. Paragraph 57 of the Complaint is denied.

58. Paragraph 58 of the Complaint is denied.

59. Paragraph 59 of the Complaint is denied.

60. Paragraph 60 of the Complaint is denied.

61. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 61 of the Complaint, and all such allegations are therefore denied.

62. Paragraph 62 of the Complaint is denied.

63. Paragraph 63 of the Complaint is denied.

64. Paragraph 64 of the Complaint is denied.

65. Paragraph 65 of the Complaint is denied. To the extent their fair housing claim requires as a condition precedent that the Plaintiffs first seek administrative relief, they have failed to do so and are thereby precluded from asserting these claims.

66. The Defendant adopts its responses to paragraphs 1 through 65 of the Complaint.

67. Paragraph 67 of the Complaint is Plaintiffs' commentary on the FHA, and no further response is needed. To the extent a response to paragraph 67 is required, it is denied as phrased.

68. Paragraph 68 of the Complaint is denied.

69. Paragraph 69 of the Complaint is denied.

70. Paragraph 70 of the Complaint is denied.

71. Paragraph 71 of the Complaint is denied.

72. Paragraph 72 of the Complaint is denied.

73. Paragraph 73 of the Complaint is denied.

74. Paragraph 74 of the Complaint is denied.

75. Paragraph 75 of the Complaint is denied.

76. The Defendant adopts its responses to paragraphs 1 through 65 of the Complaint.

77. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 77 of the Complaint, and all such allegations are therefore denied.

78. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 78 of the Complaint, and all such allegations are therefore denied.

79. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 79 of the Complaint, and all such allegations are therefore denied.

80. Paragraph 80 of the Complaint is denied as phrased.

81. Paragraph 81 of the Complaint is denied.

82. Paragraph 82 of the Complaint is denied.

83. Paragraph 83 of the Complaint is denied.

84. Paragraph 84 of the Complaint is denied.

85. Paragraph 85 of the Complaint is denied as phrased.

86. Paragraph 86 of the Complaint is Plaintiffs' commentary on the FHA, and no further response is needed. To the extent a response to paragraph 86 is required, it is denied as phrased.

87. Paragraph 87 of the Complaint is Plaintiffs' commentary on the FHA, and no further response is needed. To the extent a response to paragraph 87 is required, it is denied as phrased.

88. Paragraph 88 of the Complaint is denied.

89. Paragraph 89 of the Complaint is denied.

90. Paragraph 90 of the Complaint is denied.

91. Paragraph 91 of the Complaint is denied.

92. Paragraph 92 of the Complaint is denied.

93. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 93 of the Complaint, and all such allegations are therefore denied.

94. Paragraph 94 of the Complaint is denied.

95. Paragraph 95 of the Complaint is denied.

96. Paragraph 96 of the Complaint is denied.

97. Paragraph 97 of the Complaint is denied.

98. Paragraph 98 of the Complaint is denied.

99. Paragraph 99 of the Complaint is denied.

100. The Defendant adopts its responses to paragraphs 1 through 65 of the Complaint.

101. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 101 of the Complaint, and all such allegations are therefore denied.

102. Paragraph 102 of the Complaint is denied.

103. Paragraph 103 of the Complaint is denied.

104. Paragraph 104 of the Complaint is denied.

105. Paragraph 105 of the Complaint is denied.

106. Paragraph 106 of the Complaint is denied.

107. Paragraph 107 of the Complaint is denied.

108. The Defendant adopts its responses to paragraphs 1 through 64 of the Complaint.

109. The Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 109 of the Complaint, and all such allegations are therefore denied.

110. Paragraph 110 of the Complaint is denied.

111. Paragraph 111 of the Complaint is denied.

112. Paragraph 112 of the Complaint is denied.

113. Any allegation in the Complaint that is not expressly admitted herein is denied.

114. As a first affirmative defense, the Defendant states that at all times it has acted reasonably under the circumstances and for legitimate purposes, pursuant to its reasonable and valid procedures for submission and consideration of requests for accommodation.

115. As a second affirmative defense, the Defendant states that at all times material to this claim its officers and directors had a fiduciary duty to the unit owners within Lime Bay, including to diligently enforce the rules and regulations of the Association. Those rules and regulations include pet restrictions on the presence, size, maintenance and behavior of dogs within Lime Bay. Failure to diligently enforce the rules could be held an abandonment or waiver of the rule. Therefore, the Association was required to establish that Plaintiffs' two dogs were ESAs and not pets.

116. As a third affirmative defense, the Defendant states that the Plaintiffs are not entitled to relief herein because they failed to properly request a reasonable accommodation by their failure to cooperate in the Association's consideration of the request for accommodation.

117. As a fourth affirmative defense, the Defendant states that the Plaintiffs waived any right to reasonable accommodation by their failure to provide information reasonably requested in conjunction with their request.

118. As a fifth affirmative defense, the Defendant states that the Plaintiffs are estopped to assert any right to reasonable accommodation because of their failure to timely and properly provide information reasonably requested in conjunction with their request.

119. As a sixth affirmative defense, the Defendant states that the accommodation requested by the Plaintiffs was unreasonable because the Plaintiff's disabling condition could have been reasonably accommodated through means other than permitting a second dog in the unit, including one that is above the reasonable weight restriction in the Association's rules and regulations.

120. As a seventh affirmative defense, the Defendant states that the Plaintiffs are precluded from recovery herein because they failed to proceed to closing on the purchase transaction in question.

121. As an eighth affirmative defense, the Defendant states that the Plaintiffs are precluded from recovery on their tortious interference claim because it was privileged or otherwise entitled to act in the Association's interest when responding to the request for accommodation.

122. As a ninth affirmative defense, the Defendant states that Plaintiffs' tortious interference claim is precluded because the Association has the right to screen proposed sales of units by virtue of the terms, conditions and covenants within its Declaration of Condominium, By-Laws and rules and regulations.

123. As a tenth affirmative defense, the Defendant states that the Plaintiffs are precluded from asserting or recovering punitive damages on their claim for tortious interference because they have not complied with § 768.72, Fla. Stat.

124. As an eleventh affirmative defense, the Defendant states that the Plaintiffs are not entitled to recover punitive damages because as a matter of law the Defendant's actions are not of a nature that permits for such recovery.

125. The Defendant requests trial by jury for all issues so triable.

CASE NO.: 0:20-cv-60285-AHS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of March 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant *Lime Bay Condoinium, Inc. No. 4*
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (305) 350-5338
Facsimile (305) 373-2294
Primary e-mail: edward.polk@csklegal.com
Secondary e-mail: danise.townsend@csklegal.com

By: s/ *Edward S. Polk*
EDWARD S. POLK
Florida Bar No.: 239860

3131.0506-00/17720025